# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:24-CV-00261-KDB

| | |
|---|---|
| **ANN HARTLINE, O/B/O K.H.,** | |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| **FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Plaintiff Ann Hartline's appeal of an unfavorable administrative decision denying her minor grandson's application for supplemental security income under the Social Security Act. (Doc. No. 9). Having reviewed and considered the parties' briefs, the administrative record, and the applicable authority, the Court finds the Defendant Commissioner's decision to deny K.H. Social Security benefits is supported by substantial evidence and uses the correct legal standards. Accordingly, the Commissioner's decision will be **AFFIRMED**.

## I.      PROCEDURAL BACKGROUND

On June 22, 2021, Plaintiff applied for supplemental security income benefits on behalf of her minor grandson, K.H., alleging he had been disabled since April 9, 2007.[1] Doc. No. 4 at 18. Her claim was denied initially and upon reconsideration. *Id.* Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), where she and K.H. were represented by an attorney.

---

[1] K.H. was previously awarded supplemental income benefits that were terminated in 2010. Doc. No. 4 at 18.

1

*Id.* After conducting the hearing, ALJ Wylly Jordan III denied Plaintiff's application in a decision dated October 24, 2023. *Id.* at 31. Plaintiff sought review by the Appeals Council, which was denied on October 22, 2024. *Id.* at 5–7. The ALJ's determination therefore stands as the final decision of the Commissioner. Plaintiff now timely seeks judicial review under 42 U.S.C. § 405(g).

## II.      THE COMMISSIONER'S DECISION

An individual under the age of 18 will be considered disabled under the Social Security Act if he suffers from a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. The ALJ must follow a three-step sequential analysis to determine whether an individual under the age of 18 is disabled. 20 C.F.R. § 416.924.

The first step of this process is determining whether the claimant is participating in substantial gainful activity. § 416.924(b). A claimant participating in substantial gainful activity is not eligible for SSI. *Id.* Substantial gainful activity is work activity that is both substantial and the kind of work that is usually done for pay. 20 C.F.R. § 416.972. Because K.H. was approximately fourteen years old at the time of the hearing, the ALJ determined that he was not engaged in substantial gainful activity. Doc. No. 4 at 19. Therefore, at step one, K.H. was still eligible for SSI.

The ALJ then proceeded to step two—an inquiry into whether K.H. met the requirement of having a severe medically determinable impairment. § 416.924(c). For an impairment to be severe, the claimant must experience more than minimal functional limitations. *Id.* The ALJ determined that K.H. had the following severe impairments: "attention deficit hyperactivity disorder ("ADHD"), borderline intellectual functioning ("BIF"), depression, and developmental delay." Doc. No. 4 at 19 (citing § 416.924(c)).

Because the conditions in step one and two were met, the ALJ proceeded to the third and final step in the claims process—determining whether K.H. had an impairment that medically or functionally equaled the Social Security disability listings. *See* § 416.924(d). An ALJ may find an individual under the age of 18 disabled only upon a finding that the individual has a severe impairment or combination of impairments that meets, medically equals, or functionally equals a listed impairment. *Id.*

In order to determine whether the impairments of an individual under the age of 18 functionally equal a listed impairment, the ALJ evaluates the claimant's functional limitations in each of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)–(vi). The ALJ assesses what the claimant cannot do, has difficulty doing, needs help doing, or is restricted from doing because of the impairments, assessing the interactive and cumulative effects of all the impairments, including those which are not severe. § 416.926a(a). An individual under the age of 18 is disabled if he has an impairment or impairments of "listing-level severity" that result in an "extreme" limitation in one domain or "marked" limitations in two or more domains. *Id*. A "marked" limitation in a domain is found when an impairment interferes "seriously" with the individual's ability to independently initiate, sustain, or complete activities. § 416.926a(e)(2). Put another way, a "marked" limitation is a limitation that is "more than moderate" but "less than extreme." *Id.*

An "extreme" limitation in a domain is found when the impairment interferes "very seriously" with the individual's ability to independently initiate, sustain, or complete activities. § 416.926a(e)(3).

### III. LEGAL STANDARD

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision must be upheld "if the ALJ applied correct legal standards and if the factual findings are supported by substantial evidence." *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604 (4th Cir. 2025). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[2] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (citation modified).

Accordingly, this Court does not review a final decision of the Commissioner *de novo, Metcalf v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Drumgold*, 144 F.4th at 604; *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

---

[2] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty ... lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' ... [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not." *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction "is so narrow that it is often very difficult for a court to decide upon which side of the line evidence falls"). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that "scintilla is Latin for 'whatever a judge wants it to mean.' ... To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards ... but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756 (4th Cir. 2021).

"In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citation modified). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id*. (citation modified); *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020). This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, the Court must always ensure that proper legal standards are being followed. *Long v. Kijakazi,* No. 1:22-CV-00091-KDB, 2022 WL 18026331, at *2–3 (W.D.N.C. Dec. 30, 2022).

## IV.    DISCUSSION

Plaintiff urges the Court to reverse the ALJ's finding of no disability to remand the matter for a new hearing, contending that the ALJ erred by "failing to properly evaluate the claimant's claim at Step 3 of the SEP regarding functional equivalence." Doc. No. 9 at 4. More specifically, Plaintiff alleges that the ALJ erred by finding less than marked limitations in two of the six functional domains: "attending and completing tasks" and "acquiring and using information." *See* Doc. No. 9. Importantly, for a minor child to be classified as disabled, he must have a marked limitation in at least two domains or an extreme limitation in at least one domain.[3] § 416.926a(a).

---

[3] Plaintiff alleges that, despite evidence of "significant limitations" in two domains—attending and completing tasks and acquiring and using information" the ALJ [erroneously] did not find that K.H. had marked limitations" in either. Doc. No. 9 at 5. Notably, Plaintiff does not contend that either limitation should have been rated as more than marked; in other words, Plaintiff does not assert that K.H. has any extreme limitations.

5

In the "attending and completing tasks" domain, the ALJ considers "how well adolescents are able to focus and maintain attention, and how well they begin, carry through, and finish activities, including the pace at which activities are performed and the ease with which they change them." *Title XVI: Determining Childhood Disability-the Functional Equivalence Domain of "Attending & Completing Tasks"*, SSR 09-4P (Feb. 18, 2009); *see also* § 416.926a(h).

Limitations in this domain include being easily startled or overly reactive to sensory input; difficulty sustaining focus or completing activities of interest; becoming repeatedly sidetracked or frequently interrupting others; becoming easily frustrated and abandoning tasks the child is capable of completing; or requiring extra supervision to remain engaged in an activity. § 416.926a(h)(3). However, the mere presence of such limitations does not necessarily equate to a marked or severe limitation. *Id.*

After reviewing the record, the ALJ found that K.H. had a less than marked limitation in attending and completing tasks because, although the record reflected some difficulties with attention, motivation, and distractibility, the overall evidence did not demonstrate limitations of a marked severity. Doc. No. 4 at 26–27. The ALJ explained that, notwithstanding the limitations identified, multiple educators also noted that K.H. completed assignments, participated in class, asked questions, and worked to the best of his ability, and several teachers denied problems such as restlessness, hyperactivity, impulsivity, or failure to finish tasks. *Id.*

During a neuropsychological evaluation (and consistent with his ADHD diagnosis), K.H. had some difficulty with attention to task and impulsivity. However, although the neuropsychological testing revealed a variety of deficits, K.H.'s NEPSY II scores in attention, executive functioning, and impulse control—which relate to this domain—fell largely within the low-average range. *Id.* The ALJ also noted that K.H. received only conservative treatment for

6

ADHD, consisting of low doses of medication managed by K.H.'s primary care provider, and there were periods during which he stopped medication entirely. *Id.* Moreover, treatment notes consistently described his ADHD symptoms as "moderate," and his grades improved while on stimulant therapy, despite K.H.'s reports that he didn't feel like the medication was working. *Id. See also* Doc. No. 9 at 6.

The ALJ further noted Plaintiff's reports that K.H. could engage in daily activities such as completing chores, preparing simple meals, caring for the family's dogs, and playing video games, all of which he found to be inconsistent with marked limitations in sustaining attention or completing tasks. *Id.* at 27. Therefore, after considering K.H.'s ADHD and other impairments for which he received special education and other accommodations, as well as the neuropsychological testing results, K.H.'s medical treatment history, school performance, and daily activities, the ALJ concluded that K.H. did not have a marked limitation in attending and completing tasks.

Put simply, the ALJ balanced the conflicting evidence in the record to reach a conclusion that a reasonable mind could accept as sufficient. *See Biestek,* 587 U.S. at 103. Therefore, the Court finds that the ALJ supported his decision with substantial evidence, and the Court may not reweigh that evidence or substitute its judgment for his absent clear error. *See Hancock*, 667 F.3d at 472; *Lester*, 683 F.2d at 841; *see also Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (explaining that because the ALJ is the trier of fact, it is his role to resolve conflicting medical evidence, and when he does so by applying the proper factors, the Court will not "Monday-morning quarterback" the decision absent an exceptionally clear error). No such error is present

here. Accordingly, Plaintiff's appeal will be denied, and the Commissioner's decision will be affirmed.[4]

**V.    ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Affirm the Commissioner's Decision (Doc. No. 11) is **GRANTED**;

2. Plaintiff's Social Security Appeal (Doc. No. 9) is **DENIED**;

3. The Commissioner's Decision is **AFFIRMED**; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 26, 2026

Kenneth D. Bell
United States District Judge

---

[4] Because two marked limitations must be present for a finding of disability, and Plaintiff does not allege that K.H. has any extreme limitations, the Court need not discuss the acquiring and using information domain and reaches no conclusions as to that domain.